IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HERNANDEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-10-0703 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate represented by counsel, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges his 1996 conviction for aggravated sexual assault of a child on grounds of "actual innocence." Respondent filed a motion for summary judgment (Docket Entry No. 14), to which petitioner responded (Docket Entry No. 21). Respondent also filed a reply to the response (Docket Entry No. 25), to which petitioner, with leave of court, filed a surreply (Docket Entry No. 29).

Based on consideration of the pleadings, the motion, the response, reply, and surreply, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Petitioner was convicted of aggravated sexual assault of a child in 1996 and sentenced to forty-two years incarceration. The conviction was affirmed on appeal. *Hernandez v. State*, No. 01-96-00194-CR (Tex. App. – Houston [1st Dist.] 1998, pet.

denied) (not designated for publication). The Texas Court of Criminal Appeals denied discretionary review, *Hernandez v. State*, PDR No. 1104-98, and denied petitioner's *pro se* application for state habeas relief on July 11, 2007. *Ex parte Hernandez*, WR-67,683-01.

The complainant, petitioner's daughter, was three years old at the time of the aggravated sexual assault and four years old at the time of trial. Years later, when she was sixteen years of age, she wrote a letter to petitioner, the first letter she ever wrote to him, telling him that she did not believe he sexually assaulted her when she was three years old. Petitioner then proposed recantation affidavits for his daughter and her mother to sign so he could try to set aside the conviction. To that end, petitioner filed a second application for state habeas relief on November 5, 2007, alleging actual innocence based on the affidavits. The trial court held an evidentiary hearing and heard testimony from the complainant recanting her allegations of sexual assault. However, she also testified that she had no relevant memories of the day the incident took place, and that the language in her affidavit had been suggested by petitioner. Following the hearing, the trial court denied relief and entered findings, which the Texas Court of Criminal Appeals relied on in denying habeas relief. *Ex parte Hernandez*, WR-67,683-02.

In his instant amended federal habeas petition, petitioner claims that he is actually innocent, based on his daughter's recantation thirteen years after the fact. He specifically argues that:

2

1. The state court's determination that the recantation evidence was not credible was an unreasonable determination of the facts; and

2. Petitioner demonstrated by clear and convincing evidence that no reasonable juror would convict him in light of the recantation.

(Docket Entry No. 22, p. 7.)

Respondent argues that petitioner's assertion of actual innocence is barred by limitations and that the Supreme Court and the Fifth Circuit Court of Appeals do not recognize a freestanding federal habeas claim of actual innocence.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

3

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

B.　<u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary

judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. ANALYSIS

Respondent argues that petitioner's assertion of actual innocence is barred by limitations and fails to state a claim upon which federal habeas relief may be granted. Because the Court agrees that petitioner's claim of actual innocence is not a cognizable federal habeas claim, the limitations issue need not be reached.

There are two avenues for asserting an actual innocence claim in federal habeas proceedings: a "gateway" claim under *Schlup v. Delo*, 513 U.S. 298, 319-322 (1995), and a "freestanding" claim, as discussed in *Herrera v. Collins*, 506 U.S. 390, 417 (1993). As

a general rule, claims forfeited under state law may support federal habeas relief only if a petitioner demonstrates cause for the default and prejudice from the asserted error. *See House v. Bell*, 547 U.S. 518, 536 (2006). However, in *Schlup*, the Supreme Court recognized a "miscarriage of justice" exception to the default principle and held that prisoners asserting actual innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. A successful gateway claim under *Schlup* does nothing more than allow an otherwise procedurally-barred claim to be reviewed by the federal court; it does not act to grant habeas relief. By asserting an actual innocence claim that has been considered and rejected by the state habeas court, petitioner does not raise a *Schlup* gateway claim.

Rather, petitioner raises a "freestanding" claim of actual innocence based on his daughter's recantation of the sexual assault allegations she lodged against him when she was three years old. In *Herrera*, the Supreme Court assumed without deciding that, "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." 506 U.S. at 417. In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual innocence claims are to be recognized in federal habeas proceedings. *House*, 547 U.S. at 555. Most recently, in *Cantu v. Thaler*, ___F.3d___, 2011 WL 222986,

6

*7-8 (5th Cir. 2011), the Fifth Circuit reaffirmed its refusal to recognize a freestanding actual innocence claim in federal habeas proceedings.

Accordingly, petitioner's claim that federal habeas relief is warranted based on his daughter's recent recantation must be rejected because a freestanding claim of actual innocence is not a cognizable claim for federal habeas relief.

## V. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT** A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 28th day of February, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE